285 P.2d 745

Donald J. McFARLAND, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Climate Control, Incorporated, Respondents.

No. 6025.

Supreme Court of Arizona.

July 18, 1955.

Wilmot W. Trew and R. R. Woodford, Phoenix, for petitioner.

Robert K. Park, Phoenix, for respondent Industrial Commission. John R. Franks, Donald J. Morgan, Phoenix, and John F. Mills, Prescott, of counsel.

WINDES, Justice.

Donald J. McFarland, herein designated petitioner, on December 22, 1950, sustained an industrial accident arising out of and in the course of his employment as foreman for Climate Control, Incorporated. The attending physician, Dr. Don H. Simpson, filed an initial report describing the injury as "lumbo-sacral strain, muscle spasm, all back movements restricted and painful". Petitioner was referred to Dr. W. A. Bishop, Jr., on March 7, 1951, who examined petitioner, including X-rays, and filed a report reciting the history as related by petitioner and the nature of his examination. The report concluded as follows:

"Additional X-rays made on the 7th of March, 1951 failed to disclose any marked congential anomaly or evidence that could be attributed to trauma."

Petitioner not being absent from work in excess of seven days, the Industrial Commission, respondent herein, made an award for accident benefits. Petitioner continued to work for the same employer until January, 1952, and thereafter entered business for himself. In May, 1954, petitioner as a result of severe back trouble contacted Dr. Joseph S. Lentz who treated him until

June 18th. He diagnosed the trouble as a herniated disc and turned petitioner over to Dr. Thornton Pfeil, a surgeon, who operated and verified the diagnosis. Thereafter on July 5th, petitioner filed an application for reopening or readjustment of his claim. In July, the commission made a finding that there was insufficient medical evidence to indicate that petitioner was suffering any new, additional or previously undiscovered disability attributable to his injury of December 22, 1950. Application for rehearing was granted and testimony taken. By its decision on rehearing, the commission found that petitioner fully recovered from the effects of his injury; that on June 22, 1954, he received surgery for removal of a herniated disc; and that no causal relationship existed between petitioner's injury of December, 1950, and his condition necessitating the removal of the disc in June, 1954. Petitioner appeals. We issued certiorari.

The assignments of error present the one question as to whether the commission had sufficient evidence to warrant the finding that there was no causal relationship between the herniated disc which necessitated surgery in June, 1954, and the injury sustained by petitioner in December, 1950. The answer calls for an examination and analysis of the evidence.

Petitioner in his testimony gave a history of experiencing since the accident periodic episodes of back and right leg trouble. These troubles occurred on an average of three or four times a year until finally in the spring of 1954, he sought the help of Dr. Lentz and the aforementioned operation followed.

Dr. Bishop, who made the original examination of petitioner between two and three months after the injury, testified that he found "some limitation of straight leg raising" which indicated there was at least "some spasm of the hamstring muscles"; that there was "a complaint of pain in his low back and posterior thigh"; that he had no complaint of having had pain in his legs prior to the examination; that from the X-rays he found no evidence of injury to the bones or joints; and that from the entire examination he found no evidence that petitioner had a disc or nerve root pressure or even nerve root irritation which latter could easily have been discovered on physical examinaion. The doctor finally gave as his opinion that the petitioner did not have a disc at the time of his examination and that it was not probable that the one discovered and removed was caused by the injury of December, 1950. He based this opinion upon his experience as a specialist, his examination of petitioner in March, 1951, and the account of petitioner's symptoms since that time.

Dr. Lentz, a general practitioner but not a specialist and who apparently was petitioner's personal doctor, stated that he examined petitioner at infrequent intervals from 1950 to 1954, seeing him some time during each year and that during the years

1951 to and including 1953, he had no complaints from petitioner of back trouble. The doctor stated that it was possible petitioner's trouble causing the operation resulted from the injury of 1950 but that it was impossible to say exactly when it occurred; that it could have occurred at a later time but that he was inclined to date it from the time of the injury.

Dr. Pfeil, the surgeon who performed the operation, stated that the disc was removed with moderate difficulty; that there was present scar tissue which gives evidence of the duration of its existence; and that in his opinion it had been a pathological condition for longer than a year. After having given the history of petitioner's trouble as testified to, assuming the radiation of pain in the right sciatic nerve distribution and having examined the records of the Industrial Commission, the doctor also gave his opinion that the injury (herniated disc) for which he operated upon the patient was related to the injury of 1950.

It is quite apparent that Drs. Bishop and Pfeil, both specialists, disagree in several respects. They seem to agree that the radiating leg pain is an important factor in diagnosing a herniated disc. Dr. Pfeil states that it is of primary importance and he assumes it was present soon after the accident. Dr. Bishop stated there was no such complaint at the time he examined the petitioner. Dr. Lentz saw the patient over a period of three years and received no such complaints. Dr. Pfeil found in the X-rays taken in March, 1951, a narrowing at the intervertebral space of L–5–S–1 which he said was a frequent finding accompanying herniation of the disc. Dr. Bishop found nothing in the X-rays to so indicate. They disagree as to the significance of Dr. Bishop's finding concerning posterior thigh pains at the time of the first examination. Dr. Pfeil thought it was evidentiary of the leg pain indicating an injured disc; whereas Dr. Bishop thought it was not of the character to be symptomatic of disc injury.

They disagree as to whether one afflicted as this patient would have continuous pain in some degree or periodic distress.

Dr. Bishop would give no opinion concerning the age of the trouble removed by the operation but did state that the surgeon who operated could tell whether it was of short or long duration and stated that Dr. Pfeil's description of what he found at the time would be valuable in determining the duration of the trouble.

In order for this court to set aside the award, we must be able to say that Dr. Bishop's testimony carries no substantial evidentiary value. This we are unable to say. To disregard his testimony and give it no weight would lead us into the field of weighing testimony, something this court cannot do. Both specialists had the same information except that gained by the operating surgeon concerning the age of the trouble. One gave no opinion, the other that the condition had existed more than

a year. We do not think this additional information would allow us to disregard Dr. Bishop's opinion and compel the commission to adopt the opinion of Drs. Lentz and Pfeil.

The award is affirmed.

LA PRADE, C. J., and PHELPS and STRUCKMEYER, JJ., concur.

UDALL, Justice (dissenting).

Being firmly of the opinion that the Commission's award denying petitioner compensation constitutes a miscarriage of justice, I respectfully register my disapproval of its action. I favor setting aside the award.